UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>      Plaintiff,<br><br>  v.<br><br>THE LONELY PLANET LLC,<br><br>      Defendant. | No. C 21-03365 WHA<br><br>**ORDER TO SHOW CAUSE** |

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Consistent with that independent obligation, plaintiff is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of Article III standing.

In light of the well-pleaded allegations by the San Francisco and Los Angeles District Attorneys regarding the conduct of the Potter Handy firm and its clients, plaintiff's counsel must also submit one or more declaration(s) substantiating, in detail, the allegations that the plaintiff visited the establishment in the first place. *See* Complaint, *People of the State of California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL

1102496.  The declaration must substantiate the jurisdictional allegations as to any "real and immediate threat of repeated injury."  *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (cleaned up).  This must adequately address plaintiff's intent to return to the defendant's establishment.  Alternatively, if plaintiff alleges deterrence, counsel's declaration must state how many miles away plaintiff lives from the establishment and further describe how and when plaintiff visited the establishment, how and when he was deterred from patronizing it, plaintiff's intent to return to the geographic area, and finally his desire to return to the facility were it made accessible.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Plaintiff must submit a declaration separate from that of counsel.  Plaintiff must swear to this declaration under penalty of perjury.  Just like the declaration of counsel, plaintiff's declaration must swear to the facts supporting all jurisdictional requirements detailed above that are necessary to support a "real and immediate threat of repeated injury."  *Ervine*, 753 F.3d at 867–68.

Plaintiff and counsel must respond by **JUNE 24, 2022**.  Failure to respond will result in a dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated:  June 15, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE