UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE LONELY PLANET LLC,<br><br>　　　　　Defendant. | No. C 21-03365 WHA<br><br>**ORDER RE REPORT AND RECOMMENDATION TO DISMISS** |

**INTRODUCTION**

On February 3, 2022, then-Magistrate Judge Jacqueline Scott Corley filed a report and recommendation to deny plaintiff's motion for default judgment. Without an answer from defendant, the magistrate judge lacked full consent to jurisdiction. The report and recommendation reassigned the suit to the undersigned (Dkt. No. 16). Plaintiff objected timely. The undersigned has reviewed all filings. To the extent stated below, this order hereby **ADOPTS** Judge Scott Corley's report and recommendation and **OVERRULES** plaintiff's objections. Accordingly, default judgment is **DENIED** and this case is **DISMISSED**.

**STATEMENT**

At all material times, plaintiff Brian Whitaker used a wheelchair. Our complaint concerns an alleged failure by defendant and restaurant-owner The Lonely Planet LLC to provide dining surfaces of a height accessible to wheelchair users. The establishment in question was the "N-Zone Uptown" restaurant at 1707 Telegraph Avenue in Oakland, California. Plaintiff visited in April 2021. The restaurant allegedly sported outdoor dining tables whose height, in April 2021, exceeded forty inches, in violation of the ADA and the Unruh Civil Rights Act (Compl. ¶¶ 10–12).

As summarized in the report and recommendation, plaintiff obtained entry of defendant's default on July 1, 2021 (Dkt. No. 11). After four months without filings from plaintiff, Judge Scott Corley ordered plaintiff to file a motion for default judgment or show cause why his case should not be dismissed for failure to prosecute. Judge Scott Corley set a deadline of November 10, 2021 (Dkt. No. 12). Plaintiff moved for default judgment on December 10, 2021 (Dkt. Nos. 13, 14). Judge Scott Corley deferred ruling on the motion for default judgment. She also offered plaintiff a chance to correct material deficiencies in his motion. The supplemental filing was due by January 26, 2022 (Dkt. No. 15 at 7). As of the date of the report and recommendation, plaintiff had not filed a supplemental brief. The report and recommendation issued February 3, 2022. Plaintiff has objected (Dkt. Nos. 16, 18).

**ANALYSIS & OBJECTIONS**

As the report and recommendation noted, a plaintiff must show entitlement to relief before entitlement to default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Plaintiff objects that the complaint states claims for relief under 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(ii), and § 12183(a)(2). The complaint indeed cites these sections (Compl. ¶ 23). This order addresses each in turn. It **OVERRULES** his objections and **DENIES** the motion for default judgment.

Plaintiff principally argues that defendant "provided an advantage to others that is different or separate from that provided to him," thus violating the ADA, specifically Title III's prohibition on discrimination by places of public accommodation. *See* 42 U.S.C. § 12182(a).

But our complaint does not cite any particular section of the ADA Accessibility Guidelines (ADAAG).

The complaint refers to the phrase "knee and toe" requirements. The report and recommendation discussed which ADAAG sections could apply and concluded that the phrase referred to section 306 of the 2010 standards (pertaining to knee and toe requirements). The report and recommendation did not, however, as a preliminary matter, address how the complaint has established we may conclude that the 2010 standards apply. Regardless, plaintiff has not defended the applicability of section 306 and so the argument is waived.

The complaint's failure to assert which of the 1991 ADAAG standards or the 2010 standards apply, however, ranks as important for the following reason (Compl. ¶ 26).

The report and recommendation stated that, in lieu of section 306, section 902 (also of the 2010 standards) applies. 36 C.F.R. § Pt. 1191, App. D, 902. Plaintiff has grabbed hold of the suggestion (Dkt. No. 18 at 3). Section 902 provides: "The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground." *Ibid*. This height requirement endured from the 1991 standards. *See* 28 C.F.R. § Pt. 36, App. A, 5 (*superseded in part, Sept. 15, 2010*).

The report and recommendation concluded that the complaint has not adequately alleged that the dining area lacked at least five percent accessible seating. The report and recommendation relied on *Johnson v. Tram Chim's Corp.*, 2021 WL 6129054, at *1 (N.D. Cal. Nov. 8, 2021) (Judge William H. Orrick), which concluded that legal and evidentiary gaps precluded default judgment. Plaintiff had failed to allege that less than five percent of total indoor and outdoor seating hit the required height because his complaint said nothing about *indoor seating*. The report concluded, in effect: "So too here." If indoor seating was accessible, then the five-percent requirement may well have been met.

Plaintiff now objects to this on two grounds.

He argues, (1), that section 226 of the 2010 standards requires that height-compliant dining surfaces must be dispersed throughout the dining area, meaning that five percent of the *patio area* must comply: "at least [five] percent of the seating spaces and standing spaces at

3

the dining surfaces shall comply with 902." 36 C.F.R. § Pt. 1191, App. C, F226.1. *Plaintiff, however, has pleaded nothing at all about the date of last licensing or construction of the facility, and so has failed to establish which standards apply.* The 2010 standard discusses the dispersal requirement, but it applies only to buildings with licensing or construction last performed as of a date certain (2010 or 2012, respectively).

As for the 1991 standards, Section 5.1 says: "Where fixed tables . . . are provided, at least 5 percent, but not less than one, of the fixed tables . . . shall be accessible and shall comply with 4.32 . . . . In new construction, and where practicable in alterations, accessible fixed tables (or counters) *shall be distributed throughout the space or facility*" (emphasis added). But it's unclear when our restaurant's building went up, when (if any) new construction occurred, whether it was practicable to make alterations so as to disperse accessible fixed tables, and whether and how much indoor and outdoor seating existed at plaintiff's visit. Furthermore, in order to understand "dispersal" or "distribution throughout," the number of tables and their locations need to be alleged at least to an approximate degree. *See, e.g.*, *Wilson v. Norbreck LLC*, 2006 WL 2651139, at *3 (E.D. Cal. Sept. 15, 2006) (Judge David F. Levi) (analyzing physical layout of the restaurant in determining the meaning of the dispersal requirement under the 1991 regulations). Depending upon the applicable regulations, our analysis would need to differ. Therefore, this order cannot grant default judgment based on the pleadings before it.

Plaintiff also objects, (2), that COVID-19 hazards mean that the ADA requires that accessible seating be provided outdoors, lest the restaurant subject individuals who use wheelchairs to disparate treatment of offering only indoor dining, an experience made risky by COVID-19. The lack of specific reference to applicable standards may not defeat this point since the height regulation at 902 remained substantively unchanged from the 1991 to 2010.

Plaintiff, however, simply relies on his unpleaded objection to the report and recommendation. This does not suffice. He merely argues in his objection: "[D]ue to the ongoing coronavirus pandemic, it is essential to provide accessible outdoor dining options. By failing to provide outdoor dining surfaces, high-risk disabled individuals are prevented from

4

eating at the restaurant" (Dkt. No. 18 at 3). Moreover, the complaint concerns the plaintiff, not "high-risk" disabled individuals generally. It must plead facts specific to plaintiff. The complaint does not plead facts suggesting the manner in which plaintiff is "high-risk" for COVID-19, nor does it plead some proxy for high-risk such as the local COVID-19 transmission rates as of April 2021. Finally, the complaint does not allege what local health guidelines might have restricted indoor dining at the N-Zone, if indeed the N-Zone offered indoor dining, when plaintiff visited. These are given by way of example. This order does not decide if such additions would suffice to show entitlement to relief.

In short, since our complaint has not pleaded the applicability of the 2010 regulations nor facts to support the effect of the pandemic on the table-height requirements under either set of regulations, our complaint does not establish a claim for relief under Section 12182(a) by dint of the dining-table height requirement. The objections are **OVERRULED**.

We turn next to the remaining pleaded sections of the ADA, in the interest of judicial economy.

*First*, our complaint cites Section 12182(b)(2)(A)(iv), but plaintiff does not object citing this section. This is for good reason: "Courts in this district and throughout the Ninth Circuit recognize that the waiver argument is foreclosed by the burden-shifting standard adopted by the Ninth Circuit in *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020)." *Tram Chim's*, 2021 WL 6129054, at *1. As in *Tram Chim's*, plaintiff has simply asserted that the alleged barriers are of the type readily removable (Compl. ¶¶ 19, 23). The complaint does not state a claim for relief under Section 12182(b)(2)(A)(iv).

*Second*, Section 12182(b)(2)(A)(ii) governs requests for reasonable modifications. "Our federal courts have routinely rejected claims under Section 12182(b)(2)(A)(ii) when plaintiffs have failed to propose concrete modifications." *Ind. Living Res. Ctr. v. Lyft, Inc.*, 2021 WL 3910719, at *9 (N.D. Cal. Sept. 1, 2021). Nothing in the complaint suggests that plaintiff requested a modification from defendant. The complaint likewise refers to 28 C.F.R. § 36.211(a), which generically requires maintenance of "features of facilities and equipment"

required to be readily accessible under the ADA. This derivative section does not provide an alternative, independent ground for an ADA violation.

*Third*, Section 12183(a)(2) refers to buildings "altered by" an establishment and establishes liability for a failure to alter it such that the "altered portions" are readily "accessible to" those with disabilities. The section goes on to describe paths of travel. The complaint does nothing to explain when the building was "altered," what portion(s) were altered, or how the failure to accommodate reached beyond the claims about dining surfaces.

Though the clerk entered default and the facts as alleged are now presumed true, plaintiff has not stated a claim for relief under the ADA. As the report and recommendation stated, failure to show entitlement to relief defeats default judgment. Further, because plaintiff's state Unruh Act claim is co-extensive with his ADA claim, that claim also fails.

In addition to the foregoing, this order also finds that, although the report determined that there was subject-matter jurisdiction (Dkt. No. 16 at 2), plaintiff has not shown that he has suffered an injury that would grant him Article III standing. Since Judge Corley's report was filed, plaintiff's counsel have been subject to a civil lawsuit brought jointly by the San Francisco and Los Angeles District Attorney's Offices. The complaint expressly alleges that plaintiff's counsel has repeatedly falsely alleged the requirements for Article III standing in cases similar to this one. *See* Complaint, *People of the State of California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL1102496, at ¶ 5–7. In light of these well-pled allegations, plaintiff was ordered to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff responded timely and submitted a declaration stating that:

> I intend to return at least once after I have been made aware that all barriers have been removed and after the conclusion of the case to test the adequacy of any remedial measures that are taken. I am deterred from returning until this occurs

(Whitaker Decl. ¶ 9, Dkt. No. 20-2). This substantively mirrors his complaint (*see* Compl. ¶ 20).

1      This conclusory statement does not suffice.  Plaintiff currently resides 370 miles away from our restaurant (Potter Decl. ¶ 11).  Our court of appeals has explained that particular standing rules apply when the plaintiff lives far away from the alleged non-compliant establishment.  In particular, the plaintiff must "demonstrate[] an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible."  *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).  Decisions by our court of appeals applying this standard discuss whether the plaintiff demonstrated or alleged any specific connection to the area, any specific plan to return to the area, and any specific connection with the accommodation.  *See D'Lil*, 538 F.3d at 1037–39; *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002);  *Doran v. 7-Eleven, Inc.*, 524 F. 3d 1034 (9th Cir. 2008).

Here, plaintiff has alleged no specific connection to Oakland, no specific plan to return to Oakland, no specific connection to our restaurant, and no specific plan to return to our restaurant.  Plaintiff's conclusory statement is insufficient to confer standing.  *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust,* 867 F.3d 1093, 1100 (9th Cir. 2017) (district courts may make "case-by-case determinations about whether a particular plaintiff's injury is imminent" (citation omitted)); *see also Strojnik v. Pasadena Robles Acquisition, LLC,* No. 2:19-CV-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *8 (C.D. Cal. Aug. 14, 2019) (Judge André Birotte Jr.), *aff'd*, 801 F. App'x 569 (9th Cir. 2020) (ADA plaintiff failed to show standing under deterrence theory where he "failed to point to any facts" showing that the alleged deterrence was "not merely hypothetical").

The complaint also asserts a state-law claim under California's Unruh Civil Rights Act, California Civil Code § 51.  Because this order dismisses plaintiff's federal claim for lack of subject-matter jurisdiction, dismissal of the supplemental state-law claim is mandatory, not discretionary.  *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

/

/

**CONCLUSION**

Default judgment is **DENIED**. This case is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 3, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE